CAMPBELL (UNITED STATES v.). See Case No. 14,714.

CAMPBELL (VANCE v.). See Cases Nos. 16,836 and 16,837.

CAMPBELL (VARNUM v.). See Case No. 16,887.

---

## Case No. 2,374.

### CAMPBELL v. WAITE et al.

[9 Ben. 166;[1] 16 N. B. R. 93.]

District Court, D. Vermont. May, 1877.

BANKRUPTCY—MORTGAGE—PREFERENCE—BAD FAITH.

1. Where a mortgage was made to secure a loan of actual value, in good faith, by a bankrupt, within the periods specified in section 35 of the bankrupt act [of 1867 (14 Stat. 534)], and after the amendment of June 22, 1874, § 11 [18 Stat. 180], was passed: *Held,* that to render such a conveyance invalid it must appear that the person taking it knew that it was made to secure him beyond other creditors.

[Cited in Metcalf v. Officer, 2 Fed. 643.]

2. That as bad faith is not to be assumed, but must be proved, the absence of any proof that the mortgagee had knowledge or fraudulent intent, or participation in fraudulent intent

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

by the mortgagee, warrants the conclusion that the mortgage was made and taken in good faith.

[Bill by E. B. Campbell, assignee in bankruptcy, against Silas M. Waite and others, to set aside a mortgage executed by the bankrupt, as in violation of the bankrupt act.]

Charles N. Davenport, for orator.

Edward J. Phelps, for respondent.

WHEELER, District Judge. Upon hearing this cause on bill, answers, replication, proof, and arguments of counsel, it is considered that in order to render a conveyance made by a bankrupt within four months of filing petition with view to give a preference among creditors, or other conveyance made within six months, void under section 35 of the original bankrupt act, and sections 5128, 5129, and 5130 of the Revised Statutes, as between the person taking the conveyance and the assignee, it was only necessary in the former case that the person taking the conveyance should have reasonable cause to believe that it was made in fraud of the provisions of the act, and in the latter, to prevent the property from coming to the assignee or from being distributed under the act. By the amendments of June 22, 1874, § 11, it was made necessary that the person taking the conveyance should know that it was made in fraud of the provisions of the act in the one case, and to prevent the property from coming to the assignee or from being distributed under the act, in the other, to make it void. And it was further provided that nothing in that section 35 which would include those sections of the Revised Statutes, should "be construed to invalidate any loan of actual value or the security therefor made in good faith upon a security taken in good faith on the occasion of the making of such loan." The mortgage in question was made after these amendments went into operation; and under the law as affected by them, if the mortgage was as to any part of it or in any sense a preference among creditors, it could not as the law had then been made to stand, be void either in whole or part unless Waite knew that it was made to secure him beyond other creditors, for his debts against or liabilities for the bankrupt, by putting the property mortgaged out of the reach of the operation of the act as to other creditors. If made to secure a loan of actual value, it would be valid, if made and taken in good faith. To constitute bad faith or a want of good faith, under these provisions of the act taken all together as amended, there must have been actual knowledge on the part of Waite of an intent on the part of Allen to place the property mortgaged by means of the mortgage beyond the reach of other creditors, and participation in that purpose, as distinguished from constructive bad faith that under the act before these amendments would arise

out of reasonable cause to believe these same things, whether amounting to actual belief or knowledge or not. Neither bad faith nor what is substantially the same thing, conduct wanting in good faith, is to be assumed to exist as the foundation for relief in court, but either is to be proved before relief can be granted on account of it.

The orator by his bill called on the defendants specially to answer in respect to the purpose for which this mortgage was made; and they have answered in effect that it was to secure a loan of actual value to the amount secured by it. On the traverse of these answers, the only direct evidence as to knowledge of the parties to the mortgage and the purpose of it, comes from them and their testimony is substantially to the same effect as their answers. Nothwithstanding this direct testimony, there might be proof of circumstances if they existed that would show that Waite did have the knowledge, or fraudulent intent, or participation in fraudulent intent of Allen, sufficient to invalidate the mortgage. The leading circumstance to this end would be that Waite knew there were other creditors who would be deprived of their rights by the transaction. It is not proved in the case that he actually did know of any debts due from Allen besides his own, except that to the bank, and that on the judgment to Houghton.

The bank paid the debt of Houghton and according to Waite's testimony he paid the whole to the bank. So that neither the bank nor Houghton could be defrauded by the mortgage. He knew that some of Allen's notes went to protest, but the testimony shows that all he so knew of were paid. The proof is abundant that Allen was insolvent and that Waite knew it, but that is not enough to set aside the mortgage. Although there are some circumstances about the transaction which in the absence of express proof to the contrary would indicate that the mortgage was taken to and in the name of Waite, for the benefit of the bank, to secure its pre-existing debt and so to give it a preference, still the testimony of both Waite and Allen is that it was in effect a loan from Waite to Allen, and their testimony is not discredited or overcome, so that it appears to have been a loan. And being a loan for value it does not appear that it was made, or that the mortgage was made or taken, otherwise than in good faith. Upon these considerations the bill is dismissed with costs.

CAMPBELL (WATERS v.). See Cases Nos. 17,264 and 17,265.

CAMPBELL, The JANE. See Cases Nos. 7,-205 and 7,206.

END OF CASES IN BOOK 4.